961 F.2d 219
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael Wayne FINLEY, Plaintiff-Appellant,
v.
STATE OF KANSAS, and "all" conspirators, i.e.,
Municipalities & Government, Defendants-Appellees.
 No. 91-3296.
 United States Court of Appeals, Tenth Circuit.
 April 14, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Michael Wayne Finley appeals the dismissal, pursuant to 28 U.S.C. § 1915(d), of his civil rights complaint filed under 42 U.S.C. § 1983. The district court correctly described Finley's complaint and contentions as "rambling and incoherent" as well as "conclusory, [and] frivolous." See District Court "Order" filed September 6, 1991. Finley's contentions on appeal are equally rambling, incoherent, conclusory and frivolous. We conclude from the record that Finley can make no rational argument on the law or facts in support of the issues raised on appeal. Coppedge v. United States, 369 U.S. 438 (1962); Neitzke v. Williams, 490 U.S. 319 (1989). We therefore deny Finley's motion for leave to proceed without payment of costs or fees.
 
 
 3
 The filing fee is waived; the appeal is DISMISSED and the mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3